# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SELECTIVE WAY INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS HEAD, individually and t/a | : | NO. 10-7029 |
| Head & Son Home Improvement | : | |

## MEMORANDUM RE: MOTION TO INTERVENE

Baylson, J.                                                                                                         April 14, 2011

## I. Introduction

Currently before this Court is the Petition of Michael J. Iannuzzi to Intervene Pursuant to Federal Rule of Civil Procedure 24 (ECF No. 5) to contest this declaratory judgment action filed by Plaintiff Selective Way Insurance Company ("Selective") against Defendant Thomas Head, individually and trading as Head & Son Home Improvement ("Head"). The declaratory judgment action arises out of a Commercial General Liability Coverage insurance agreement between Selective and Head ("the insurance policy"). Selective asks the Court to declare that Petitioner Michael Iannuzzi ("Iannuzzi") was an "employee" of Head within the meaning of the insurance policy when he sustained injuries in a trench excavation project on October 1, 2008. Selective further seeks a declaratory judgment that it has no obligation to pay any liability coverage for any claim asserted by Iannuzzi against Head under the insurance policy, as such claims are barred by the Workmen's Compensation Act, 77 P.S. § 481(b). Head has failed to appear in this action, and a default has been entered against Head.

Prior to the commencement of this lawsuit, Iannuzzi filed a negligence action against

Head seeking damages for the injuries he sustained in the October 1, 2008 accident, captioned Michael J. Iannuzzi v. Thomas A. Head, d/b/a Tom A. Head & Sons a/k/a Head & Son Home Improvements, et al., Court of Common Pleas of Philadelphia County, September Term 2010, No. 001298 (the "state court action"). Iannuzzi now moves to intervene in this federal court action as a defendant on the grounds that he is a necessary party to this action, or alternatively, because this action involves a common question of law or fact as the state court action. In accordance with controlling Third Circuit precedent, Liberty Mutual Insurance Co. v. Treesdale, Inc., 419 F.3d 216 (3d Cir. 2005), and for the following reasons, the Court will deny the Petition to Intervene.

## II.  Factual and Procedural History

The Court briefly reviews the facts relevant to this Petition. Selective issued a Commercial General Liability Coverage insurance policy to Head & Son Home Improvement, policy number S 1587664, effective May 30, 2008 to May 30, 2009 (Compl. Ex. A). The insuring agreement states:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

Ex. A, Commercial General Liability Coverage Form, at 1. In the "Exclusions" section, the insurance policy provides: "This insurance does not apply to. . . [a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law." Id. at 2. The policy further excludes coverage for "bodily injury" to "[a]n

2

'employee' of the insured arising out of and in the course of: (a) Employment by the insured; or (b) Performing duties related to the conduct of the insured's business." Id. This exclusion applies "whether the insured may be liable as an employer or in any other capacity," including when the insured has "any obligation to share damages with or repay someone else who must pay damages because of the injury." Id. The insurance policy's definition of an "employee" excludes a "temporary worker." Id. at 13. A "temporary worker" is "a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions." Id. at 16.

Selective alleges that on October 1, 2008, Iannuzzi was excavating a trench and installing shoring material at 455 Flamingo Street, Philadelphia, Pennsylvania, when the trench collapsed, allegedly injuring Iannuzzi. Compl. ¶¶ 25-32. Selective alleges that Iannuzzi agreed to work for Head, the subcontractor on the 455 Flamingo Street project, in exchange for $150 cash per day. Compl. ¶ 23. Head reported the claim involving Iannuzzi to Selective on or about June 2, 2009. Compl. ¶ 33.

On September 14, 2010, Iannuzzi filed the above-captioned civil action for damages in the Court of Common Pleas of Philadelphia County, in which he alleged, in relevant part, that negligence by Head caused the trench collapse resulting in injury to Iannuzzi. Compl. Ex. B.

On December 2, 2010, Selective filed the Complaint against Head, which pleads four counts: Count I, for a declaration that Michael Iannuzzi was an employee of Head & Son Home Improvement at the time of the accident on October 1, 2008; Count II, for a declaration that Selective has no duty to indemnify Head & Son Home Improvement as the claim is barred by the Workmen's Compensation Act as Michael Iannuzzi was an employee of Head & Son Home

3

Improvement; Count III, for a declaration that Selective has no duty to indemnify Head & Son Home Improvement as the claim is barred by the Employers Liability and Workers Compensation Exclusions; and Count IV, for a declaration that Selective has no duty to indemnify Head & Son Home Improvement as any claims asserted by Head & Son Home Improvement are not covered under the applicable policy of insurance.

Selective served a summons and the Complaint on Head on December 13, 2010 (ECF No. 2). Head failed to answer or otherwise respond. Selective requested that the clerk enter a default against Head (ECF No. 3), which was entered on February 10, 2011. On February 22, 2011, this Court entered an Order (ECF No. 4) that Selective file a motion for default judgment. On March 4, 2011, Michael J. Iannuzzi filed the instant Petition to Intervene (ECF No. 5). Selective filed a Response and Motion to Strike the Motion to Intervene on March 14, 2011 (ECF No. 8).

### III. The Parties' Contentions

Petitioner Iannuzzi contends he is a necessary party in interest in the declaratory judgment action pursuant to Fed. R. Civ. P. 24(a)(2). Iannuzzi claims that by virtue of his state court negligence claim against Head, he has an interest in the subject matter of the declaratory judgment action, which if granted would determine his legal status as an "employee" to Head and exclude his claim from coverage under the terms of the insurance policy. Iannuzzi asserts that a favorable judgment for Selective would impair Iannuzzi's interest by adversely impacting his legal right to maintain his state court negligence action against Head. Specifically, Iannuzzi asserts he has a legal right to prove his status as an independent contractor in the state court action, which may determine whether Head can avail itself of the Workmen's Compensation Act. Iannuzzi contends that no one is representing his interests in this action. In the alternative,

Iannuzzi contends that he should be permitted to intervene under Fed. R. Civ. P. 24(b)(1)(B) because his status as an "employee"–and the related determination whether Iannuzzi's claim against Head is barred by the Workmen's Compensation Act–is a common issue of law or fact in both this action and the state court action.

Selective contends that Iannuzzi is not a necessary party in interest because he does not have a sufficient interest in the insurance policy, which is a contractual agreement between Selective and Head. Selective asserts that Iannuzzi's interest is only a contingent financial interest in the outcome of the litigation. Moreover, Selective contends that a personal injury action against an insured, addressing the cause of injury, does not have a common issue of law and fact with a declaratory judgment action between the insurer and the insured, addressing scope of coverage. Furthermore, Selective asserts that the Petition to Intervene was untimely, because default has been entered against Head, the pleadings are closed, and Selective was preparing its Motion for Default Judgment when the Petition was filed.

## IV.     Legal Standard

### A.     Jurisdiction

This Court has diversity jurisdiction over this declaratory judgment action. 28 U.S.C. § 1332; 28 U.S.C. § 2201. If Petitioner intervenes, he would do so on the side of the Defendant, and the Court will maintain its diversity jurisdiction.

### B.     Motion to Intervene

Rule 24 of the Federal Rules of Civil Procedure governs intervention in an existing lawsuit. A movant may intervene as of right under Rule 24(a) or if granted permission under Rule 24(b). Rule 24(c) sets forth the procedural requirements for intervention.

Fed. R. Civ. P. 24(a)(2) provides that "[o]n timely motion, the court must permit anyone to intervene who. . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Fed. R. Civ. P. 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who. . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(3) provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

V.  Discussion

A.  Intervention of Right

The Third Circuit has held that to intervene as of right under Rule 24(a)(2), a movant must establish the following four factors: "1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests." Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005) (citing Kleissler v. U.S. Forest Serv., 157 F.3d 964, 969 (3d Cir. 1998)). The movant must satisfy all four requirements. Id. (quoting Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir.1995)). Because the "sufficient interest" factor is dispositive in this case, the Court examines it first.

"To establish a sufficient interest for intervention, [Petitioner] must demonstrate an

6

'interest relating to the property or transaction which is the subject of the action.'" Liberty Mut., 419 F.3d at 220 (quoting Mountain Top, 72 F.3d at 366). In Liberty Mutual, an insurer sought a declaratory judgment that it had no further duty to defend or indemnify the insured Pittsburgh Metals Purifying Company ("PMP") or its parent company after paying claims totaling in excess of $5 million, under the insured's umbrella excess liability (UEL) policies. Id. at 218-19. Individuals who allegedly suffered personal injuries from exposure to asbestos-containing products manufactured or sold by PMP moved to intervene in the declaratory judgment action. Id. The movants contended they had an interest in the UEL policies, because the insurance proceeds were a longstanding source of compensation for similarly-situated asbestos victims. Id. at 221. The Third Circuit rejected the movants' contention that "plaintiffs who have asserted tort claims against the insured can intervene as of right in an insurance coverage declaratory judgment action between the insured and its insurer." Id. at 223. At most, the movants had an economic interest in the insurance proceeds, but "no property interest" nor "any other legally protectable interest in the policies." Id. at 222 (affirming the district court's denial of the motion to intervene).

In Liberty Mutual, the Third Circuit distinguished Mountain Top Condominium Association v. Dave Stabbert Master Builder, Inc., in which condominium unit owners moved to intervene in a lawsuit filed by their condominium association against a contractor, concerning disbursement of insurance proceeds held in escrow for the unit owners. Mountain Top, 72 F.3d at 363-65. The Third Circuit evaluated whether the movants had established "'a tangible threat to a legally cognizable interest'" that "belong[ed] to or [was] owned by the proposed intervenor." Id. at 366 (quoting Harris v. Pernsley, 820 F.2d 592, 601 (3d Cir. 1987); citing United States v.

7

Alcan Aluminum, Inc., 25 F.3d 1174, 1185 (3d Cir. 1994)). The Third Circuit distinguished a "mere economic interest" in the litigation, which was insufficient to support intervention, from an "interest in a specific fund[, which] is sufficient to entitle intervention in a case affecting that fund." Id. (citations omitted). The court held that the condominium owners, who were "beneficiaries of an express trust" and had "a property interest in the trust res that is enforceable either in law or in equity," demonstrated a sufficient interest in the Mountain Top litigation. Id. at 367 (citing Restatement (2d) of Trusts, §§ 198-99 (1959)). Therefore, the Third Circuit reversed the district court's denial of the motion to intervene, and ordered the district court to grant the motion. Id. The Third Circuit distinguished the Liberty Mutual movants, who had no legal interest in or property right to the insurance proceeds, from the movants in Mountain Top, who were the beneficiaries of the proceeds held in escrow. Liberty Mut., 419 F.3d at 222-23.

Liberty Mutual controlled in a factually analogous case, Selective Way Insurance Co. v. Gingrich, Civ. A. No. 1:08-CV-994, 2008 WL 4899973 (M.D. Pa. Nov. 12, 2008) (Kane, C.J.). The insurer in Gingrich, who was defending a wrongful death action on behalf of the insured in state court, sought a declaratory judgment in federal court that the insured was not covered by the insurance policy. Id. at *1. The insured failed to appear in the declaratory judgment action, and default was entered against him. Id. The plaintiff in the wrongful death action moved to intervene in the declaratory judgment action pursuant to Rule 24(a)(2). Id. Chief Judge Kane rejected the movant's argument that he was a necessary party and held that the movant had not established a legal or property interest in the insurance policy. Id. at *1-2.

As in Gingrich, Iannuzzi is a state court tort plaintiff seeking to intervene in an insurer's declaratory judgment action against the insured regarding its obligation to cover that individual.

8

The Court agrees with Selective's contention that Liberty Mutual is controlling precedent. The Court has examined the facts of this case and has not identified any contractual or legally protectable right of Iannuzzi in this action. This action concerns interpretation of the insurance contract between Selective and Head. Iannuzzi is not a party to that agreement. Nor has Iannuzzi demonstrated a legal right to or property interest in any insurance proceeds in a specific fund. Iannuzzi is in a similar position to the movants in Liberty Mutual. He merely has an indirect economic interest in the outcome of this litigation, to the extent it impacts his ability to collect a hypothetical future judgment against the insured. Moreover, Iannuzzi's argument that this action would prevent him from litigating his employee status in state court is unavailing, and probably incorrect. This declaratory judgment action is unlikely to have any preclusive effect in Iannuzzi's negligence action against Head, based on current Pennsylvania law.[1]

Briefly, for the sake of completeness, the Court reviews the other factors in the Rule 24(a)(2) analysis, finding that Iannuzzi satisfies only timely application and lack of adequate

---

[1] A declaratory judgment by this Court would have preclusive effect in the state court negligence action only if the doctrine of collateral estoppel applies:

> Under Pennsylvania law, the doctrine of collateral estoppel applies where the following four prongs are met: "(1) An issue decided in a prior action is identical to one presented in a later action; (2) The prior action resulted in a final judgment on the merits; (3) The party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action."

Jones v. United Parcel Serv., 214 F.3d 402, 405-06 (3d Cir. 2000) (quoting Rue v. K-Mart Corp., 713 A.2d 82, 84 (Pa. 1998)). As to factor (1), the issue in this declaratory judgment action–whether Iannuzzi was an "employee" within the meaning of the insurance policy–is not identical to the issue in the state court action, i.e., whether Head's negligence caused Iannuzzi to suffer injury. As to factor (3), if the Petition to Intervene is denied, Iannuzzi remains a nonparty to this action, and he is not in privity with a party. Therefore, Head most likely cannot assert collateral estoppel against Iannuzzi.

representation. First, Iannuzzi timely filed the Petition to Intervene on March 4, 2011, three months after Selective filed its action, and less than one month after default was entered against Head. See Alcan Aluminum, 25 F.3d at 1183 (A motion is timely filed in relation to "the point at which the applicant knew, or should have known, of the risk to its rights."); see also Janusziewicz v. Sun Shipbldg. & Dry Dock Co., 677 F.2d 286, 293 (3d Cir. 1982) (citing Natural Res. Def. Council v. Costle, 561 F.2d 904, 907 (D.C. Cir. 1977)) ("[T]he timeliness of a petition to intervene must be determined from all the circumstances, including the purpose for which the intervention is sought and the likelihood of prejudice to those already in the case."). Although the pleadings are closed, Selective would not be unduly prejudiced because of the minimal time and resources spent prior to the entry of default against Head.

Second, Iannuzzi's interests are inadequately represented in this action, because no one is defending the case against Selective, in light of Head's failure to appear. See 7C Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 1909 (2007) ("If the interest of the absentee is not represented at all, or if all existing parties are adverse to the absentee, then there is no adequate representation.").

However, Iannuzzi's failure to establish a sufficient interest prevents him from satisfying the third requirement that disposition of this action in his absence will practically impair his sufficient interest. See Mountain Top, 72 F.3d at 368 (citing Alcan Aluminum, 25 F.3d at 1185 n.15) (movant beneficiaries of an escrow fund established that settlement of the pending litigation without their participation could deplete the fund, or alternatively, disbursement of the funds would moot their claims). In conclusion, Iannuzzi has not met all four requirements for granting a motion to intervene pursuant to Rule 24(a)(2).

### B. Permissive Intervention

In the alternative, Iannuzzi moves for the district court to grant permissive intervention under Rule 24(b). Timeliness of a motion to intervene is a threshold issue for permissive intervention as well as intervention as of right, and is determined based on the totality of the circumstances. Del. Valley Citizens' Council for Clean Air v. Commonwealth of Pennsylvania, 674 F.2d 970, 974 (3d Cir. 1982) (citing NAACP v. New York, 413 U.S. 345, 365-66 (1973)). The court in its discretion considers whether the original parties share with the intervenor common questions of law or fact, and whether they will be prejudiced by the intervention. McKay v. Heyison, 614 F.2d 899, 906 (3d Cir. 1980) (citing Fed. R. Civ. P. 24(b)).

In Liberty Mutual, the Third Circuit held there was no common issue of law or fact between the claims or defenses in the declaratory judgment action regarding the insurer's coverage obligations, and the tort suits by the movants against the insured:

> The declaratory judgment action turns on the interpretation of the contracts of insurance between PMP and Liberty Mutual. It has nothing to do with whether PMP caused asbestos-related bodily injuries to Appellants or anyone else. Similarly, the personal injury suits against PMP have nothing to do with interpreting PMP's insurance policies with Liberty Mutual. Where a proposed intervenor has only a contingent financial interest in a declaratory judgment action to establish insurance coverage, he/she can not accurately claim that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries PMP may have caused.

Id. at 227-28 (citing Liberty Mut. Ins. Co. v. Pacific Indem. Co., 76 F.R.D. 656, 660 (W.D. Pa. 1977)). On permissive intervention as well as intervention as of right, Liberty Mutual controls.

Here, Iannuzzi contends that this action and the state court negligence action have a common issue of law and fact: whether Iannuzzi was an "employee" on October 1, 2008, at the time of the accident. Iannuzzi's employee status is relevant to determining whether his

11

negligence action against Head is barred by the Workmen's Compensation Act.[2] Any question concerning Iannuzzi's status as an "employee" in the state court action will be determined under the governing state law, not pursuant to the insurance contract between Head and Selective. Therefore, the issue is not a common issue of law or fact, and the Court in its discretion will deny the motion to intervene under Rule 24(b).

## VI. Conclusion

The Court holds that Iannuzzi is not a necessary party to this action under Rule 24(a), and declines to exercise its discretion to allow intervention under Rule 24(b). Therefore, the Petition to Intervene is denied. An appropriate Order follows.

O:\CIVIL 09-10\10-7029 Selective Way v. Head\Petition to intervene - Mem.wpd

---

[2] Additionally, if Iannuzzi's negligence suit is not barred, then his employee status may be relevant to determining what duty of care Head owed Iannuzzi. Under Pennsylvania law, "[f]or a party to prevail in a negligence action, . . . the plaintiff must establish the defendant owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages." See Merlini ex rel. Merlini v. Gallitzin Water Auth., 980 A.2d 502, 506 (2009) (citing Martin v. Evans, 711 A.2d 458, 461 (1998)).